THE STATE, CAMDEN AND AMBOY RAILROAD AND TRANSPORTATION COMPANY, PROSECUTORS, v. ROBERT S. WOODRUFF, JR., RECEIVER OF TAXES.

1. Under the charter of the Camden and Amboy Railroad and Transportation Company, the exemption from taxation extends to all property "suitable and proper for carrying into execution the powers granted to the corporate body."
2. The judgment of the court must be passed upon the question of necessity in each given case under the facts adduced to show the purposes to which the lands are, or are to be, devoted.
3. Lands used by the prosecutors for the necessary purposes of the railroad company, are exempt, although the title is in the Delaware and Raritan Canal Company, for, by the act of February 15th, 1831

which consolidates these companies, there is an absolute community of interest between them, and so far as taxation is concerned, it matters not to which company the estate may have been conveyed.

On *certiorari.*   In matter of taxation.

Argued at June Term, 1872, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiffs, *E. T. Green.*

For the defendant, *J. S. Aitkin.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The plaintiffs claim exemption under their charter, from the burden of taxation imposed upon their real estate in the city of Trenton.

The rule which governs this case was settled in the Court of Errors in *State* v. *Hancock, Collector,* 6 *Vroom* 537.   The contest arises upon its application to the facts which appear in this cause.

The exemption extends to all property " suitable and proper for carrying into execution the powers granted to the corporate body."

What is necessary for the uses of the company in the sense in which that word has been interpreted, must be determined by the court according to the facts of each particular case.

The mere declaration, under oath, of an officer or servant of the company, that certain property is necessary, will not entitle it to immunity from taxation.  That is the expression of the witnesses' opinion, founded upon facts or circumstances within his own knowledge, the correctness of which the court would have no means of determining.   The judgment of the court must be passed upon the question of necessity, in each given case under the facts adduced, to show the purposes to which the lands are, or are to be, devoted.

In the case cited, it appeared that a portion of the farm assessed was used as a gravel pit, from which, by means of a connecting track, ballast was transported for the main lines of

the New Jersey Railroad Company. In that case it was the judgment of the court upon the facts proven, not the opinion of witnesses, which secured the exemption. Only one-third of lot No. 8, page 64, of the city atlas, is now occupied by the relators.

. The only witness sworn, says that this lot was bought for the purposes of the company, and is necessary for their uses, but on his cross-examination, he states that rather less than one-half of it will be required by them for bridges, &c., and there are no circumstances shown which will enable the court to judge of the necessity for their holding the other half. One-half of this lot, therefore, is subject to the burden imposed on it.

One-third of lot No. 12, page 40, is occupied by railroad tracks, and it is alleged that the balance is to be occupied for railroad purposes, but whether they are such necessary purposes as to bring it within the exemption, does not appear, and therefore two-thirds of this lot is taxable.

The title to some of the lots occupied and used for the necessary purposes of the railroad company, is in the Delaware and Raritan Canal Company, and it is insisted that such lots are not exempt.

The act of February 15th, 1831, consolidates these companies with an express provision that such consolidation shall be subject to all the provisions, reservations and conditions contained in their original charters. This carries the exemption to all property owned by said companies which is necessary for the uses of either. There is an absolute community of interest between them, and so far as taxation is concerned, it matters not to which company the estate may have been conveyed.

In my opinion the assessment against all the lots of the railroad company, except as against one-half of No. 8, page 64, and two-thirds of No. 12, page 40, should be set aside.

CITED in *State, United R. R. and Canal Co., pros.*, v. *Woodruff*, 8 *Vr.* 240.